**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1881**

---

ABREHET ASFAHA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-355-093)

---

Submitted: March 31, 2004          Decided: April 13, 2004

---

Before WIDENER, WILLIAMS, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Hargwayne Gegziabhre, St. Paul, Minnesota, for Petitioner. Peter D.
Keisler, Assistant Attorney General, Margaret J. Perry, Senior
Litigation Counsel, Beth S. Liebmann, OFFICE OF IMMIGRATION
LITIGATION, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Abrehet Asfaha petitions for review of an order of the Board of Immigration Appeals (Board) adopting the decision of the Immigration Judge (IJ) to deny relief from removal. For the reasons discussed below, we deny the petition for review.

Asfaha first asserts that she demonstrated a well-founded fear of persecution in Eritrea and Ethiopia and thus established her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Asfaha fails to show that the evidence compels a contrary result. In addition, we reject her contention that the IJ erred in finding her to be a native and citizen of Eritrea. Accordingly, we cannot grant the relief that Asfaha seeks.

Asfaha next raises for the first time a claim based on past persecution. She further asserts her entitlement to withholding of removal and for protection under the Convention Against Torture, claims that were not raised in her appeal to the Board from the IJ's denial of relief from removal. As these claims have not been properly exhausted, we may not address them in this appeal. 8 U.S.C. § 1252(d)(1) (2000); Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990).

Finally, Asfaha contends that in adopting the IJ's decision, the Board failed to meaningfully and fully address her appeal. As this claim is merely mentioned in Asfaha's brief and is entirely undeveloped, we find that it has been abandoned. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED